**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| SPINNAKER INTERNATIONAL, LLC and ASHWIN DAMODARAN, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action File No. 1:17-CV-02749-TWT |
| GREENFENCE, LLC, | ) ) | |
| Defendant | ) ) | |

**DEFENDANT GREENFENCE, LLC'S RESPONSE TO PLAINTIFF'S**
**STATEMENT OF MATERIAL FACTS**

Pursuant to L.R. 56.1, Defendant Greenfence, LLC submits its Response to Plaintiff's Statement of Material Facts, showing the Court as follows:

As a general matter, Plaintiff's Statement of Material Facts attempts to blur the distinction between Defendant Greenfence, LLC and Logic Works, LLC d/b/a Greenfence, which are two separate and distinct legal entities. (Declaration of Mitchell Chait ("Chait Declaration") (Doc. 46-10), ¶¶ 2, 3, 24; Doc. 21-1, Greenfence, LLC Citizenship Chart; 30(b)(6) Deposition of Defendant Greenfence, LLC: Mitchell Chait ("GF, LLC Depo."), p. 91:17-19) Throughout its Statement of Material Facts, it attributes facts regarding actions of Logic Works, LLC to "Greenfence," which it defines as Greenfence, LLC. As noted in its Response in

Opposition to Plaintiff's Motion for Partial Summary Judgment, Plaintiff's refusal to acknowledge this distinction can only be explained as an effort by Plaintiff to justify its baseless claims against Greenfence, LLC.

1. Admitted.

2. Admitted.

3. Admitted.

4. Denied. Spinnaker cites to no evidence in support of the stated fact. A citation to a pleading is not evidence. (LR 56.1B.(1)(b))

   a. Exhibit A to Spinnaker's Motion for Summary Judgment does not state where Greenfence, LLC's principle place of business is.

   b. Exhibit B to Spinnaker's Motion for Summary Judgment is a LinkedIn Profile of Logic Works, LLC d/b/a Greenfence. (Rule 30(b)(6) Deposition of Defendant Greenfence, LLC: Mitchell Chait ("GF, LLC Depo."), p. 66:16-23) It is not a profile page for Greenfence, LLC.

   c. Exhibit C is a printout from the website (greenfence.com) owned by Logic Works, LLC d/b/a Greenfence; it is not the website of Greenfence, LLC. (*Id.* at p. 59:16-18)

      d.  The office located at 225 E. Bayshore Rd. #200, Palo Alto, CA 94303 was not an office operated by Greenfence, LLC. (*Id*. at pp. 229:24-230:2)

      e.  The location of Greenfence, LLC's principal place of business is not material as to whether there was a meeting of the minds between Greenfence, LLC and Spinnaker that the Greenfence Implementation Support Plan was intended to be a contract for Spinnaker to provide services related to the Greenfence platform.

5.  Greenfence, LLC admits that Paragraph 5 is Spinnaker's contention as to the services it provides.

6.  Denied.

      a.  Mr. Chait testified that he is the CEO of Greenfence, LLC. (*Id.* at p 46:10-11) Mr. Chait did not testify that he is the Executive Chairman of Greenfence, LLC. (*See Id.*)

      b.  Exhibit F to Plaintiff's Motion for Summary Judgment does not support its contention that Mr. Chait is the Executive Chairman of Greenfence, LLC.

      c.  Mr. Chait testified that there was a different operating agreement on "that date". (*Id*. at p. 122:7-8)  Exhibit F is a draft of an incomplete,

unsigned operating agreement that has not been authenticated and is not effective. (Declaration of Mitchell Chait in Opposition to Plaintiff's Motion for Partial Summary Judgment ("Second Chait Declaration), ¶¶ 4 and 5)

7.  Denied as stated.

    a.  Mr. Chait testified, "I would have to say that at the time Greenfence was formed -- at the time Greenfence was formed, based on its customers, which are licensees and other applicants, that the Greenfence technology would be further developed, infrastructure would be created through those customers. And, again, it's a very broad description of a business purpose, and I think it's eloquent." (*Id.* at p. 125:4-11)

    b.  Why Greenfence, LLC was formed is not material to the issues raised in Plaintiff's Motion for Summary Judgment. It has no bearing on whether or not Spinnaker and Greenfence, LLC entered into a contract and whether or not Greenfence, LLC breached the purported contract.

8.  Denied. The individuals identified held those positions as employees of Logic Works, LLC d/b/a Greenfence.

a.   Exhibit F to Plaintiff's Motion for Summary Judgment does not

support its contention. It is not the effective operating agreement of

Greenfence, LLC. (*Id*. at p. 122:7-8) None of the individuals

identified in Exhibit F were employees of Greenfence, LLC (*Id*. at

124:12-19)

b.   Exhibit G is a document created by Logic Works, LLC, not

Greenfence, LLC. Spinnaker has not authenticated Exhibit G as a

document created by Greenfence, LLC. Mr. Harris, the author of the

email, was an employee of Logic Works, LLC and was not an

employee of Greenfence, LLC (Chait Declaration (Doc. 46-10), ¶¶ 16

and 17)  The reference to individuals identified  in Exhibit G to

Plaintiff's Motion for Summary Judgment is inaccurate. (*Id*. p. 274:6-

18) The document referred to individuals employed by Logic Works,

LLC d/b/a Greenfence. (Chait Declaration (Doc. 46-10), ¶¶ 15-17 )

c.   Andrew Smith, the author of the email attaching the Statement of

Work, was an employee of Logic Works, LLC d/b/a Greenfence; he

was never an employee of Greenfence, LLC. (*Id.* ). Exhibit H to

Plaintiff's Statement of Material Facts references Mr. Smith's title as

an employee of Logic Works, LLC. (*Id*.) The Statement of Work was

between Logic Works, LLC and Cor Groenveld. (GF, LLC Depo., p.
134:16-20)

    d.  The asserted fact is not material to whether Greenfence, LLC entered
into a contract with Spinnaker and whether Greenfence, LLC
breached that contract. No where does Spinnaker assert that it relied
on any representations in the documents attached as Exhibits A. G
and H to the Statement of Facts.

9.  Denied. Mr. Chait is not the Founder of Greenfence, LLC; IBMS, LLC is.
(GF, LLC Depo., p. 42:18-21) Mr. Chait is the Founder and inventor of the
product known as "Greenfence." (*Id*. at p. 43:22-25)

    a.  Exhibit I to Plaintiff's Statement of Material Facts states that Mr.
Chait is the founder and CEO of "greenfence.com" and "greenfence."
It does not state that he is the Founder and CEO of Greenfence, LLC.

10.Exhibit J to Plaintiff's Statement of Material Facts is the printout for the
Greenfence product and identifies Mr. Chait as the founder and CEO of the
Greenfence product. (*Id*. at p. 51:5-8) Exhibit J does not state that Mr. Chait
is the Founder and CEO of Greenfence, LLC. Denied.

    a.  Exhibits K and L identify the individuals' employer as "Greenfence,"
not Greenfence, LLC.

b.  The individuals identified in the documents attached as Exhibits K and L to Plaintiff's Statement of Material Facts are employees of Logic Works, LLC d/b/a Greenfence. (*Id.* at pp. 73:1-8, 76:16-77:23; 81:20-25, 84:6-13, 87:24-88:6). They were not employees of Greenfence, LLC. (*Id.* at p. 124:12-19) Greenfence, LLC never had employees. (GF, LLC Deposition, p. 124:18-19; Chait Declaration (Doc. 46-10), ¶ 5

c.  The asserted fact is not material to whether Greenfence, LLC entered into a contract with Spinnaker and whether Greenfence, LLC breached that contract. No where does Spinnaker assert that it relied on any representations in the documents attached as Exhibits K and L to the Statement of Facts.

11. Denied.

a.   Logic Works, LLC d/b/a Greenfence retained Spinnaker to perform work under the August 27, 2015 proposal submitted by Spinnaker. (Chait Declaration (Doc. 46-10), ¶¶ 8, 9 and 21-24)

b.  A citation to a pleading is not sufficient to establish a material fact. (LR 56.1B(1)(b))

12. Denied.

a.  Greenfence, LLC made no payments to Spinnaker. (Chait Declaration, ¶¶ 13, 14 and 23) Logic Works, LLC d/b/a Greenfence paid Spinnaker $170,000 to resolve all disputes related to Spinnaker's work and breaches under the August 2015 Proposal, *inter alia*, failure to comply with the terms of invoicing, failure to provide separate proposals for additional resources and new projects that tie to the 3-year business plan, failure to complete and deliver the deliverables, and for billing for unauthorized expenses that Spinnaker did not incur and work performed by Spinnaker that was outside the scope of the proposal. (*Id.*; GF, LLC Depo., pp. 269:24-270:11)

b.  Spinnaker testified that it submitted its tax information and invoices to Logic Works, LLC but asserts it does not know who paid it. (Spinnaker Deposition, p. 215:15-19)

13. Denied. (GF, LLC Depo., pp. 164:24-165:14)

a.  Greenfence, LLC was not involved in any transactions with Spinnaker.  (Chait Declaration (Doc. 46-10), ¶¶ 21- 23)

b.  Logic Works, LLC was the entity that was a party to the transactions upon which Spinnaker bases its claims. (*Id.* at ¶ 21)

c.  Logic Works, LLC paid Spinnaker a cash settlement amount of $170,000. (*Id*. at ¶¶ 13 and 14). The payment was part of the settlement reached between Logic Works, LLC and Spinnaker related to Spinnaker's work and breaches under the August 2015 Proposal, *inter alia*, failure to comply with the terms of invoicing, failure to provide separate proposals for additional resources and new projects that tie to the 3-year business plan, failure to complete and deliver the deliverables, and for billing for unauthorized expenses that Spinnaker did not incur and work performed by Spinnaker that was outside the scope of the proposal. (*Id*.; GF, LLC Depo., pp. 269:24-270:11)

14. Denied.

a.  The email forwarding the document titled "Greenfence Implementation Support" does not identify the document as a proposal. (*See* Exhibit M to the Statement of Material Facts) The document itself does not identify it as a proposal. (*Id*.; *see* GF, LLC Depo., pp. 164:24-165:14 )

15. Denied.

a.  The document itself does not identify it as a proposal. (*Id*.; *see* GF, LLC Depo., pp. 164:24-165:14 )

b. Mr. Chait did not view the document titled "Greenfence Implementation Support" as a proposal, and he never agreed to Spinnaker performing work under the document titled "Greenfence Implementation Support." (GF, LLC Depo., pp. 164:24-165:14, 177:2-13, 178:15-18)

c. Exhibits O and N are not admissible as evidence as they have not been properly authenticated pursuant to Fed.R.Evid. 901. *See U.S. v. Lanzon*, 639 F.3d 1293, 1301 (11th Cir. 2011) ("Evidence must be authenticated through the testimony of a witness with knowledge").

d. Exhibits O and N to the Statement of Material Facts do not support the asserted fact. In his follow up What's App message, Mr. Damodaran states, in full:

> Have synced on Nestle with Petra and Chad. Have a plan of action. I will re-circulate an updated charter with revised timeline. Have you had a chance to review the outline I sent you for the delivery/implementation team?

(Exhibit O to the Statement of Material Facts)  Mr. Damodaran does not refer to the document as a "proposal" or "contract" does not refer to the June 9, 2016 email or the Greenfence Implementation Support document, does not ask Mr. Chait for his approval of a proposal or

contract with Spinnaker, or does not ask Mr. Chait for his approval to pay Spinnaker a $270,000 fee for work to be determined in the future.

If he did send it, Mr. Chait's response, "Yes. And Good." is ambiguous at best. It is unclear whether he was responding to the statement regarding the syncing of Nestle with Petra and Chad, to having a plan of action, to re-circulating an updated charter with revised timeline, or having a chance to review the outline for the delivery/implementation team.

16. Denied.

   a. Mr. Chait never agreed to Spinnaker performing work under the document titled "Greenfence Implementation Support." (GF, LLC Depo., pp. 177:2-13; 178:15-18)

   b. Spinnaker never did business with Greenfence, LLC.

   c. Spinnaker testified that the work it performed that forms the basis of its claims, was outside of the scope of the Greenfence Implementation Support document. (Spinnaker Depo., pp. 163:13-165:5,  166:21-167:13, 167:15-168:21, 170:23-171:7, 171:8-172:12)

    d.  Greenfence, LLC was not involved in any transactions with

       Spinnaker.  (Chait Declaration (Doc. 46-10), ¶ 24)

17.Denied.

    a.  Exhibit P to Spinnaker's Statement of Material Facts does not refer to

       the "Greenfence Implementation Support " document, the "Spinnaker

       Contract" or the "Second Phase of Services." It refers to the "addition

       of resources for the solutions delivery team." The "solutions delivery"

       is not mentioned in the Spinnaker's June 9, 2016 email or the

       purported "Spinnaker Contract."

    b.  None of the recipients of the June 10, 2016 email were employees of

       Greenfence, LLC; they were employees of Logic Works, LLC d/b/a

       Greenfence. (*Id.* at pp. 76:16-77:23; 79:2-80:24. 87:24-88:6, 124:12-

       19; Chait Declaration (Doc. 46-10), ¶ 17)

18.Denied.

    a.  Exhibit J to the Statement of Material Facts is a printout of employees

       of Logic Works, LLC. It does not identify any clients of Greenfence,

       LLC or Logic Works, LLC.

    b.  The purported Spinnaker Contract, the document titled "Greenfence

       Implementation Support ," does not identify or refer to Spinnaker or

Greenfence, LLC, and it does not state that Spinnaker will provide

any form of services. (Exhibit M to Plaintiff's Statement of Material

Facts)

c.  Greenfence, LLC denies that it was involved in any transactions with

Spinnaker. (Chait Declaration, ¶ 23)

19. Admitted.

20. Denied.

a.  Spinnaker never had a contract with Greenfence, LLC. (*Id*. at ¶23)

b.  Spinnaker has not produced a contract that names Greenfence, LLC

as a party.

c.  Greenfence, LLC was not involved in any transactions with

Spinnaker related to the August 2015 Proposal or the Implementation

Support Plan document. (Chait Declaration, ¶¶ 21-23)

d.  Exhibit D to the Amended Complaint is not evidence of the asserted

fact. Exhibit D is inadmissible hearsay as it is being submitted to

prove the truth of the matter asserted. (Fed.R.Evid. 801and 802).

Exhibit D does not fall within the Records of Regularly Conducted

Activity exception as testimony has not established that the invoices

complied with the requirement of Fed.R.Evid. 803(6).

    e.  Spinnaker admits that the purported work referenced in Exhibit D was not within the scope of the purported "Spinnaker Contract" (Spin. Depo., pp. 163:3-174:2)

21. Denied.

    a.  The purported contract identifies five clients of Logic Works, LLC: Nestle, Tyson, Coca-Cola, GlobalG.A.P. and Lloyd's Register. (GF, LLC Depo., pp. 163:11-13, 180:10-22; 225:13-226:5, 233:3-10)

    b.  Exhibit S to Plaintiff's Statement of Material Facts is not a document generated by Greenfence, LLC. It is a document created and submitted by Logic Works, LLC. (GF, LLC Depo., p. 212:21-24)

    c.  The cited to testimony merely identifies companies with whom Greenfence, LLC entered into agreements. The cited testimony does not address whether Spinnaker performed work related to those agreements or for whom it was performing work. Greenfence denies that Spinnaker performed work on its behalf. (Chait Declaration (Doc. 46-10), ¶ 23)

22. Denied.

    a.  Spinnaker never had a contract with Greenfence, LLC. Greenfence, LLC was not involved in any transactions with Spinnaker related to

the August 2015 Proposal of the Implementation Support Plan

document. (Chait Declaration, ¶ 23) The invoices are not addressed to

Greenfence, LLC. Spinnaker submitted the invoices to Logic Works,

LLC for payment and pursuant to the settlement agreement between

Logic Works, LLC and Spinnaker, Logic Works, LLC paid $170,000

to Spinnaker. (Spin. Depo., pp.141:23-142:23; 215:21-216:5; 247:24-

250:20; Chait Declaration, ¶ 12-14)

b. Logic Works, LLC was involved in the transactions upon which

Spinnaker bases its claims. (Chait Declaration, ¶ 21)

c. Exhibit D to the Amended Complaint is not evidence of the asserted

fact. Exhibit D is inadmissible hearsay as it is being submitted to

prove the truth of the matter asserted. (Fed.R.Evid. 801and 802).

Exhibit D does not fall within the Records of Regularly Conducted

Activity exception as testimony has not established that the invoices

complied with the requirement of Fed.R.Evid. 803(6).

23. Denied.

a. The invoices are not addressed to Greenfence, LLC.

b.  Spinnaker submitted the invoices to Logic Works, LLC for payment

and pursuant to the settlement agreement between Logic Works, LLC

and Spinnaker, Logic Works, LLC paid $170,000 to Spinnaker.(Spin.

Depo., pp. 141:23-142:23; 215:21-216:5; 247:24-250:20; Chait

Declaration, ¶ 12-14)

24. Denied.

   a. The invoices are not addressed to Greenfence, LLC.

   b. Spinnaker submitted the invoices to Logic Works, LLC for payment

   and pursuant to the settlement agreement between Logic Works, LLC

   and Spinnaker, Logic Works, LLC paid $170,000 to Spinnaker.(Spin.

   Depo., pp. 141:23-142:23; 215:21-216:5; 247:24-250:20; Chait

   Declaration, ¶ 12-14)

   c. Greenfence, LLC never entered into any agreements with Spinnaker.

   (Chait Declaration (Doc. 46-10), ¶23) Logic Works, LLC was the

   entity involved in the transactions upon which Spinnaker bases its

   claims. (*Id.* at ¶ 21)

25. Denied.

   a. Sam Oliver was an employee of Logic Works, LLC d/b/a Greenfence.

   (GF, LLC Depo., p 249:19-25)

   b. Exhibit I to the Statement of Fact is not evidence of the asserted fact.

   Exhibit I is inadmissible hearsay to the extent that it is being

submitted to prove the truth of the matter asserted: The Greenfence,
LLC owes contractors money. (Fed.R.Evid. 801 and 802). Exhibit I
does not fall within the Records of Regularly Conducted Activity
exception as testimony has not established that the document
complies with the requirement of Fed.R.Evid. 803(6).

c. The "2017 Greenfence Budget Estimate" is not a document belonging
to Greenfence, LLC. To the extent that the document reflects amounts
owed, it speaks only to what payables it had at the time it was
created. It does not speak to what any entity "owes."

d. The statement of fact is not material. That Greenfence, LLC or Logic
Works, LLC purportedly owes money to unidentified contractors is
not relevant to whether there was a contract between Greenfence,
LLC and Spinnaker and whether Greenfence, LLC purportedly
breached that contract.

26. Denied. (Second Chait Declaration, ¶¶ 10-12)

27. Admitted that Mr. Damodaran forwarded invoices to Mr. Chait on February
2, 2017. The remaining statements are denied. (*See* Response to Plaintiff's
Statement of Facts, ¶ 26)

    a.  Greenfence, LLC never entered into a contract with Spinnaker. (Chait Declaration, ¶ 23)

    b.  Greenfence, LLC denies that Spinnaker was owed the amounts reflected on the invoices. (GF, LLC Depo., pp 268:15-269:13)

28. Denied.(Second Chait Declaration, ¶¶ 10-12)

    a.  The asserted fact is not material to whether or not Greenfence, LLC and Spinnaker entered into a contract and whether Greenfence, LLC breached that contract. Greenfence, LLC did not enter into a contract with Spinnaker, and Logic Works, LLC was the entity involved in the transactions upon which Spinnaker bases its claims. (Chait Declaration (Doc. 46-10), ¶¶ 21-23). Any purported statements by Mr. Chait were made on behalf of Logic Works, LLC, not Greenfence, LLC.

29. Admitted that Mr. Damodaran sent the March 10, 2017 email to Mr. Chait. Greenfence, LLC denies that it was obligated to "remit any payment to Spinnaker." Greenfence, LLC was not involved the transactions upon with Spinnaker basis its claims. (Chait Declaration, ¶ 23)

30. Denied. (Second Chait Declaration, ¶¶ 8- 12)

    a.  Mr. Chait never communicated with Spinnaker on behalf of Greenfence, LLC. During his interactions with Spinnaker, he communicated on behalf of Logic Works, LLC d/b/a Greenfence. Second Chait Declaration, ¶8 and 9) Greenfence, LLC never entered into a contract with Spinnaker, and it was not a party to the transactions upon which Spinnaker bases its claims. (Chait Declaration, ¶¶ 21-23).

    b.  The asserted fact is not material to whether or not Greenfence, LLC and Spinnaker entered into a contract and whether Greenfence, LLC breached that contract. Greenfence, LLC did not enter into a contract with Spinnaker, and Logic Works, LLC was the entity involved in the transactions upon which Spinnaker bases its claims. (Chait Declaration (Doc. 46-10), ¶¶ 21-23). Any purported statements by Mr. Chait were made on behalf of Logic Works, LLC, not Greenfence, LLC.

31. Admitted that Mr. Damodaran sent the March 10, 2017 email to Mr. Chait, but denied that the email confirmed any agreement or statement by Mr. Chait.

    a.  Mr. Chait did not promise that Greenfence, LLC would pay all of Spinnaker's outstanding invoices. (Second Chait Declaration, ¶¶ 11 and 12)

32. Denied.

    a.  Mr. Chait never communicated with Spinnaker on behalf of Greenfence, LLC. During his interactions with Spinnaker, he communicated on behalf of Logic Works, LLC d/b/a Greenfence. Second Chait Declaration, ¶¶8 and 9) Greenfence, LLC never entered into a contract with Spinnaker, and it was not a party to the transactions upon which Spinnaker bases its claims. (Chait Declaration, ¶¶ 21-23).

    b.  The asserted fact is not material to whether or not Greenfence, LLC and Spinnaker entered into a contract and whether Greenfence, LLC breached that contract. Greenfence, LLC did not enter into a contract with Spinnaker, and Logic Works, LLC was the entity involved in the transactions upon which Spinnaker bases its claims. (Chait Declaration (Doc. 46-10), ¶¶ 21-23). Any purported statements by Mr. Chait were made on behalf of Logic Works, LLC, not Greenfence, LLC.

33. Admitted that Spinnaker sent the May 9, 2017 letter. The remaining alleged facts are denied:

    a.  A citation to a pleading is not sufficient to establish a material fact. (LR 56.1.B.(2)(b))

    b.  Greenfence, LLC never entered into a contract with Spinnaker, and it was not a party to the transactions upon which Spinnaker bases its claims. (Chait Declaration, ¶¶ 21-23). Exhibit E to the Amended Complaint is not addressed to "Greenfence, LLC." It is addressed to "Greenfence."

    c.  The asserted fact is not material to whether or not Greenfence, LLC and Spinnaker entered into a contract and whether Greenfence, LLC breached that contract. The letter was sent after the contract was purportedly entered into and after it was allegedly breached.

34. Denied.

    a.  Greenfence, LLC never communicated with Spinnaker regarding the invoices. Greenfence, LLC never entered into a contract with Spinnaker, and it was not a party to the transactions upon which Spinnaker bases its claims. (Chait Declaration, ¶¶ 21-23). Logic Works, d/b/a Greenfence was a party to the transactions. (*Id.*)

  b.   Mitch Chait disputed the invoices. (GF, LLC Depo., p. 265:21-24, 267:17-20, 269:2-17)

35. Denied.

  a.  A citation to a pleading is not sufficient to establish a material fact. (LR 56.1.B.(2)(b))

  b.  Greenfence, LLC never entered into a contract with Spinnaker, and it was not a party to the transactions upon which Spinnaker bases its claims. (Chait Declaration, ¶¶ 21-23). Logic Works, d/b/a Greenfence was a party to the transactions. (*Id.*)

  c.  Logic Works, LLC, the entity involved in the transactions upon which Spinnaker bases its claims, paid Spinnaker $170,000 to settle all claims and disputes arising out of work performed by Spinnaker related to the Greenfence platform. (GF, LLC Depo., pp. 269:23-270:11)

36. Denied

  a.  A citation to a pleading is not sufficient to establish a material fact. (LR 56.1.B.(2)(b))

  b.  The assertion is not a statement of fact, but is a legal conclusion.

   c.  Greenfence, LLC never entered into a contract with Spinnaker, and it

was not a party to the transactions upon which Spinnaker bases its

claims. (Chait Declaration, ¶¶ 21-23). Logic Works, d/b/a Greenfence

was a party to the transactions. (*Id.*)

Respectfully submitted this 2nd day of April, 2018.

HALL BOOTH SMITH, P.C.

s/ Thomas Wingfield
C. Michael Johnson
Georgia Bar No. 392550
Thomas Wingfield
Georgia Bar No. 770653

191 Peachtree Street, N.E.
Suite 2900
Atlanta, Georgia 30303
Telephone:  404. 954.5000
Facsimile:  404.678.1500

and

Amnon Siegel
Kiva Schrager
MILLER BARONDESS, LLP
1999 Avenue of the Stars, Suite 1000
Los Angeles, CA 90067
Telephone: (310) 552-7559
Facsimile (310) 552-8400
*Admitted Pro Hac Vice*

*Counsel for Defendant Greenfence, LLC*

## **CERTIFICATION OF FONT**

I certify that the foregoing document was prepared using times new roman, 14-point, as approved local rule 5.1(c).

This 2nd day of April, 2018.

s/ Thomas Wingfield
Thomas Wingfield

65692285-1

## **CERTIFICATE OF SERVICE**

I hereby certify that I have on this day, filed electronically via CM/ECF a true copy of the within and foregoing in the United States District Court for the Northern District of Georgia, with notice of same being electronically served by the Court, addressed to the following:

> Alison M. Ballard
> Eric Fisher
> Taylor English Duma, LLP
> 1600 Parkwood Circle, Suite 200
> Atlanta, Georgia 30339

This 2nd day of April, 2018.

HALL, BOOTH, SMITH, P.C.

By: s/ Thomas Wingfield
    Thomas Wingfield
    Attorney For Defendant

65692285-1