# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

SPINNAKER INTERNATIONAL, LLC and ASHWIN DAMODARAN, )
)
Plaintiffs, )
) Civil Action
v. ) File No. 1:17-CV-02749-TWT
)
GREENFENCE, LLC, )
)
Defendant )

## DEFENDANT GREENFENCE, LLC'S STATEMENT OF MATERIAL FACTS SHOWING THERE IS A GENUINE ISSUE TO BE TRIED

Pursuant to L.R. 56.1(B)(2)(a), Defendant Greenfence, LLC submits its Statement of Material Facts Showing There Is A Genuine Issue To Be Tried In Support of Its Response in Opposition to Plaintiff's Motion for Summary Judgment, showing the Court as follows:

1. Greenfence, LLC is a Delaware limited liability company that was formed in 2014. ((Rule 30(b)(6) Deposition of Defendant Greenfence, LLC: Mitchell Chait ("GF, LLC Deposition"). at p. 61:1-3; Declaration of Mitchell Chait in Support of Defendant Greenfence, LLC's Motion for Summary Judgment, ¶ 3)

2. Greenfence, LLC has never had any employees. (GF, LLC Deposition, p. 124:18-19; Chait Declaration, ¶ 5)

65676258-2

3. During the period beginning August 1, 2015 through the present, Mr. Chait has served as the CEO of Greenfence, LLC. (Chait Declaration, ¶ 6)

4. Logic Works, LLC is a Nevada limited liability company was formed several years before Greenfence, LLC was formed. (*Id.* at ¶ 2; GF, LLC Deposition, p. 99:10-12)

5. During the period beginning August 1, 2015 through the present, Mr. Chait has worked as an executive of Logic Works, LLC. (Chait Declaration, ¶ 2)

6. Greenfence, LLC is not a member of Logic Works, LLC. (*Id.* at ¶ 24)

7. Logic Works, LLC is not a member of Greenfence, LLC. (Doc. 21-1)

8. Greenfence, LLC maintains its financial statements separate from any financial statements maintained by Logic Works, LLC. (GF, LLC Deposition, p. 91:17-19)

9. Greenfence, LLC is the owner of certain technology and intellectual property, including a software platform for supply chain management known as the Greenfence platform and related trade and service marks. (Chait Declaration at ¶ 4)

10. Rather than develop the Greenfence platform and market the Greenfence platform to customers itself, Greenfence, LLC licenses its intellectual property, including the Greenfence platform and related trade and service marks to

other entities for them to develop and market directly to customers. (; GF, LLC Deposition, p. 61:19-21)

11. On June 1, 2015, Greenfence, LLC entered into an Intellectual Property License and Management Agreement with Logic Works, LLC (the "License Agreement"). (*Id*. at pp. 96:11-97:16 and Ex. 12 thereto (Exhibit A to Greenfence, LLC's Response))

12. A true and accurate copy of the License Agreement is attached as Exhibit A to Greenfence, LLC's Response in Opposition to Plaintiff Spinnaker International, LLC's Motion for Partial Summary Judgment. (*Id.*)

13. The License Agreement identifies Greenfence, LLC as the "Licensor" and identifies Logic Works, LLC as the "Licensee." (*Id*. at Ex. 12, p. 1)

14. The License Agreement states:

> Section 2.1. <u>License: Use of Technology and Marks</u>. Subject to the terms and conditions of this Agreement, Licensor hereby grants to Licensee a limited, non-exclusive, non transferable, sublicensable (subject to Licensor's prior written approval that will not be unreasonably withheld or delayed) right to use, malice Improvements (including derivatives), market and offer for third party use the Licensor Property throughout the Territory ("Grant"). With respect to Licensee's exploitation of the Grant and performance hereunder, Licensee will solely use the Marks and not conjoin them with its own or any third party marks (except where the Marks are used in conjunction with Customers connected to the Technology, (e.g. Coke, powered by

Greenfence.com). Not to limit the generality of the foregoing, Licensee shall use the Marks in any and all Grant related activities, including but not limited to marketing, advertising, sales, general administration, training, research, development, demonstrations, collateral materials, stationary, business cards, proposals, contracts, memorabilia, clothing, advertisement signage, banners, displays, booths, wraps, announcements and press releases.

15. The trade and service marks licensed to Logic Works, LLC under the License Agreement included, *inter alia*, the "Greenfence" tradename, the "Greenfence" logo and the "greenfence.com" domain name.

(*Id*. at § 2.1 and Exhibit A thereto)

16. To comply with the terms of the License Agreement when developing and marketing the Greenfence platform, Logic Works, LLC operated under the tradename "Greenfence" and had its employees and independent contractors used the "Greenfence" marks in their correspondence and use e-mail addresses with the "greenfence.com" domain name. (GF, LLC Deposition, pp. 74:14-76:17, 145:4-11)

17. Spinnaker International, LLC ("Spinnaker") is a "boutique" consulting firm that provides process improvement work and project management. (30(b)(6) Ashwin Damodaran ("Spinnaker Deposition"), p. 12:16-19)

18. Ashwin Damodaran is the sole member of Spinnaker. (*Id*. at pp. 12:20-22)

19. In August 2015, Mr. Damodaran met with, *inter alia*, Mr. Chait. (*Id.* at pp. 31:16-32:2)

20. During the August 2015 meeting, Messrs. Damodaran, Chait and Van der Hoek discussed how Spinnaker could help implement the Greenfence platform. (*Id.* at p. 32:6-12)

21. At the time of the August 2015 meeting, Mr. Chait was an employee of Logic Works, LLC. (Chait Declaration, ¶ 2)

22. At the time of the August 2015 meeting, Logic Works, LLC was developing and marketing the Greenfence platform under the terms of the License Agreement. (GF, LLC Deposition, pp. 96:11-97:3 and Ex. 12 thereto)

23. From the time Mr. Damodaran first met Mr. Chait in August 2015 through at least sometime in September 2016, Spinnaker and Mr. Damodaran did not know that Greenfence, LLC existed as a legal entity. (Spinnaker Deposition, p. 75:21-76:23; 146:8-16; 177:1-13; 183:17-22)

24. From the time Mr. Damodaran first met Mr. Chait in August 2015 through at least sometime in September 2016, Spinnaker and Mr. Damodaran knew only that Spinnaker was performing work related to the Greenfence platform for a company called "Greenfence," but they did not know the how that company was

legally organized or the legal name that the company was formed under. (*Id*. at p. 36:7-20; 66:11-22; 73:17-21; 75:21-76:22; 99:5-17; 183:17-22)

25.  From the time Mr. Damodaran first met Mr. Chait in August 2015 through at least sometime in September 2016, Spinnaker and Mr. Damodaran knew only that Spinnaker was performing work related to the Greenfence platform for a company called "Greenfence," but they did not know whether or not its client was a company doing business under the tradename "Greenfence". (*Id.* at p. 66:11-15; 76:7-10; 81:5-11; 183:17-22)

26.  On behalf of Spinnaker, Mr. Damodaran drafted and submitted on August 28, 2015 a proposal for Spinnaker to perform work related to the Greenfence platform dated August 27, 2015 (the "August 27, 2015 Proposal", which was approved. (*Id*. at pp. 39:8-20; 59:10-13 and Exhibit 3 thereto(Exhibit B to Greenfence, LLC's Response))

27.  The August 27, 2015 Proposal did not identify "Greenfence, LLC." (*Id*. at Ex. 3)

28.  On June 9, 2017, Mr. Damodaran emailed Mr. Chait a document titled "Greenfence Implementation Support" (the "Implementation Support Document" (*Id*. at p. 145:18-20)

29. A true and accurate copy of the Implementation Support Document is attached as Exhibit C to the Greenfence, LLC's Memorandum of Law in Support of Its Motion for Summary Judgment (*Id*. at pp. 144:17-145:17 and Ex. 11 thereto)

30. Spinnaker contends that the Implementation Support Document is a true and complete copy of the contract entered into between Spinnaker and Greenfence, LLC. (*Id*.; Doc. 1-1(Verified Complaint) at ¶ 7 and Ex. A thereto; Doc. 17 (Amended Complaint), ¶ 9 and Ex. C thereto)

31. The Implementation Support Document does not identify Greenfence, LLC as a party. (*Id*.)

32. The Implementation Support Document is not signed by anyone on behalf of Greenfence, LLC. (*Id.*)

33. The Implementation Support Document does not identify Greenfece, LLC as a party. (*Id.*)

34. At the time Spinnaker submitted the Implementation Support Document, Spinnaker did not know the legal entity that it was submitting the plan to. (*Id.* at 146:8-16; 177:1-13, 183:17-22)

35. Spinnaker first submitted invoices regarding the its work related to the Greenfence platform in August 2016. (*Id*. at pp. 142:2-20; 212:23-213:1)

36. The invoices submitted by Spinnaker in August 2016 are addressed to "Greenfence". (*Id.*)

37. Mr. Chait requested that Mr. Damodaran submit the invoices it submitted in August 2016 to Joan Crespi. (Spinnaker Deposition, at pp. 212:23-213:1; 247:22-248:3)

38. Joan Crespi is an employee of Logic Works, LLC. (Declaration of Mitchell Chait in Support of Defendant Greenfence, LLC's Motion for Summary Judgment (Chait Declaration at ¶ 12)

39. Spinnaker submitted the invoices it first presented in August 2016 to Logic Works, LLC for payment. ( Spinnaker Deposition, p. 141:23-142:23)

40. Spinnaker submitted invoices for work it performed in August and September 2016 to Logic Works, LLC in October 2016. (*Id.* at p. 234:5-18)

41. The invoices submitted for work performed in August and September 2016 do not identify "Greenfence, LLC." (Amended Complaint, Ex. D (Doc. 17-4))

42. None of the invoices submitted by Spinnaker for work it purportedly performed related to the Greenfence platform are addressed to "Greenfence, LLC." (*Id.*)

43. Spinnaker never completed the work covered by the August 2015 Proposal. (Spin. Depo., p 303:2-5)

44. Spinnaker failed to comply with the bi-weekly invoicing requirements of the August 2015 Proposal. (*Id.* at p 125:10-15)

45. Mr. Chait disputed all of the invoices submitted by Spinnaker. (GF, LLC Depo., p. 246:21-248:6; 265:15-267:12)

46. Greenfence, LLC made no payments to Spinnaker. (Chait Declaration, ¶¶ 13, 14 and 23) Mr. Chait and Mr. Damodaran settled the disputes related to Spinnaker's work and breaches under the August 2015 Proposal, *inter alia*, failure to comply with the terms of invoicing, failure to provide separate proposals for additional resources and new projects that tie to the 3-year business plan, failure to complete and deliver the deliverables, and for billing for unauthorized expenses that Spinnaker did not incur and work performed by Spinnaker that was outside the scope of the proposal. (*Id.*; GF, LLC Depo., pp. 269:24-270:11)

47. Under the settlement between Mr. Chait and Mr. Damodaran, Spinnaker committed to close out all the projects that it was working on over a period of a few months in exchange for a payment of $170,000 by Logic Works, LLC. (*Id.* at p 269:23-270:11)

48. Logic Works, LLC paid Spinnaker $170,000 for work it performed related to the Greenfence platform under the terms of the settlement agreement. (Chait Declaration, ¶¶ 13 and 14)

49. Mr. Chait disputed invoices submitted by Spinnaker after the settlement agreement because all of the work reflected in the invoices was covered under the settlement payment of $170,000. (*Id*. at p 267:21-270:11)

50. Prior to September 2016, Spinnaker received no documents referencing "Greenfence, LLC." (Spin. Depo., p 283:10-15)

51. Spinnaker worked with employees of Logic Works, LLC with respect to the work it performed related to the Greenfence platform. (Spinnaker Deposition, pp. 252:17-254:19; Chait Declaration, ¶¶ 15 and 16)

52. Spinnaker contends that the individuals who are employees of Logic Works, LLC directed the work performed by Spinnaker related to the Greenfence platform. (Spinnaker Deposition, p. 254:16-19)

53. None of the projects related to the Greenfence platform that Spinnaker purportedly worked on ever reached the stage of implementation. (Spinnaker Deposition, pp. 136:15-24, 166:8-173:2)

54. In or around October 2015, Spinnaker and Mr. Damodaran received a copy of contract entered into between The Coca-Cola Company and "IBMS, LLC

d/b/a Greenfence" (the IBMS/Coke Contract") (Spinnaker Deposition, pp. 95:4-96:9, 99:19-25)

55.  The IBMS/Coke Contract provided Mr. Damodaran notice that IBMS, LLC did business under the name "Greenfence." (*Id.* at p. 99:19-25)

56.  Spinnaker made no inquiry as to why it was directed to submit its invoices to Joan Crespi at Logic Works, LLC for payment. (*Id.* at p. 143:5-14)

57.  On or about July 1, 2016, Mr. Damodaran received an employment packet from Logic Works, LLC which identified his potential employer as "Logic Works, LLC/Greenfence." (*Id.* at pp. 269:3-270:15 and Ex. 29 thereto at SPIN03096 (Exhibit D to Greenfence, LLC's Response))

58.  Logic Works, LLC admits that it is the entity that engaged Spinnaker to perform work related to the Greenfence platform. (Chait Declaration (Doc. 46-10, ¶¶ 18-21 and Ex. 1 thereto)

59.  Logic Works, LLC admits that it is the entity that was a party to the transactions and purported transactions upon which Spinnaker bases its claims in this action. (*Id.* at ¶ 21).)

Respectfully submitted this 2nd day of April, 2018.

                                          HALL BOOTH SMITH, P.C.

                                          s/ Thomas Wingfield
                                          C. Michael Johnson

Georgia Bar No. 392550
Thomas Wingfield
Georgia Bar No. 770653

191 Peachtree Street, N.E.
Suite 2900
Atlanta, Georgia 30303
Telephone:  404. 954.5000
Facsimile:  404.678.1500

and

Amnon Siegel
Kiva Schrager
MILLER BARONDESS, LLP
1999 Avenue of the Stars, Suite 1000
Los Angeles, CA 90067
Telephone: (310) 552-7559
Facsimile (310) 552-8400
*Admitted Pro Hac Vice*

*Counsel for Defendant Greenfence, LLC*

## **CERTIFICATION OF FONT**

I certify that the foregoing document was prepared using times new roman, 14-point, as approved local rule 5.1(c).

This 2nd day of April, 2018.

s/ Thomas Wingfield
Thomas Wingfield

## CERTIFICATE OF SERVICE

I hereby certify that I have on this day, filed electronically via CM/ECF a true copy of the within and foregoing Defendant Greenfence, LLC's Statement of Material Facts as to Which There is no Genuine Issue to be Tried in the United States District Court for the Northern District of Georgia, with notice of same being electronically served by the Court, addressed to the following:

>Alison M. Ballard
>Eric Fisher
>Taylor English Duma, LLP
>1600 Parkwood Circle, Suite 200
>Atlanta, Georgia 30339

This 12th day of March, 2018.

>HALL, BOOTH, SMITH, P.C.


>By: s/ Thomas Wingfield
>Thomas Wingfield
>Attorney For Defendant

65676258-2